1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| JULIE BEACH, individually and on behalf of all others similarly situated, | Case No. |
|---|---|
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMAND |
| MEREDITH CORPORATION, | |
| Defendant. | |

## <u>CLASS ACTION COMPAINT</u>

Plaintiff Julie Beach ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Meredith Corporation ("Meredith" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## <u>NATURE OF ACTION</u>

1.      Defendant is an international media company that publishes some of the most widely circulated magazines in the United States, including *Better Homes and Gardens*, *Family Circle*, *People*, *Sports Illustrated*, *Southern Living*, and *Shape*.

2.      Defendant derives revenue in at least two ways: First, it sells subscriptions to

CLASS ACTION COMPLAINT - 1

its magazines to consumers; and second, it sells the identities of its magazine subscription consumers to various third parties, including data miners, data aggregators, data appenders, data cooperatives, list rental recipients, list exchange recipients, and/or list brokers, among others ("Data Brokerage Clients").

3.     The Data Brokerage Products that Meredith rents, exchanges, and discloses to its Data Brokerage Clients contain its customers' specific identities, including their full names, titles of magazine publications subscribed to, home addresses, and myriad other categories of individualized data such as each customer's gender, ethnicity, and religion.

4.     By renting, exchanging, or otherwise disclosing—rather than outright selling—its magazine subscribers' identities, Meredith is able to misappropriate (and profit from) their identities time and time again to countless third parties.

5.     Meredith's disclosure of names and identities and other individualized information is not only unlawful but is also dangerous, because it provides malevolent actors with the tools needed to target particular members of society.

6.     By selling products to its Data Brokerage Clients comprised entirely of its magazine subscribers' identities ("Data Brokerage Products")—without their consent—Defendant has violated and continues to violate the Washington Right of Publicity Statute.

## DEFENDANT MISAPPROPRIATES PLAINTIFF'S IDENTITIES

7.     The Washington Right of Publicity Statute states that: "Any person who uses or authorizes the use of a living or deceased individual's . . . name . . . on or in goods, merchandise, or products entered into commerce in this state . . . without written or oral, express or implied consent of the owner of the right, has infringed such right. An infringement may occur under this section without regard to whether the use or activity is for profit or not for profit."  RCW 63.60.050 (the "Washington Statute").

CLASS ACTION COMPLAINT - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

8.      Under the Washington Statute "Individual" means "a natural person, living or dead." RCW 63.60.020.

9.      "Person" is defined as "any natural person, firm, association, partnership, corporation, joint stock company, syndicate, receiver, common law trust, conservator, statutory trust, or any other concern by whatever name known or however organized, formed, or created, and includes not-for-profit corporations, associations, educational and religious institutions, political parties, and community, civic, or other organizations." *Id.*

10.     "Name" means the actual or assumed name, or nickname, of a living or deceased individual that is intended to identify that individual.  *Id.*

11.     In the state of Washington, "Every individual or personality has a property right in the use of his or her name, voice, signature, photograph, or likeness." RCW 63.60.010.

12.     Selling the names and subscriber information as detailed above clearly constitutes using a person's name "in goods, merchandise, or products entered into commerce in this state, or for purposes of advertising products, merchandise, goods, or services."

13.     Meredith directly sells its products and services to consumers in Washington.

14.     Additionally, neither Plaintiff nor class members provided Defendant with consent to use their names or identities in Defendant's products.  As detailed above, Meredith uses class members' names and identities in its products, goods, merchandise and/or services. Thus, Defendant violates RCW 63.60.010, *et. seq.*

15.     Plaintiff is not challenging Defendant's core business as a magazine publisher. Defendant could easily maintain its business model while still complying with Washington state law.

## **PARTIES**

16.     Plaintiff Julie Beach is a citizen of Washington who resides in Federal Way, Washington.  Plaintiff Beach subscribes to *People* Magazine.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

17.     Defendant Meredith Corporation is an Iowa corporation with its principal place of business at 1716 Locust Street, Des Moines, Iowa 50309-3023.  Meredith does business throughout Iowa, Washington, and the entire United States.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, is a citizen of a state different from Defendant.

19.     This court has specific personal jurisdiction over Defendant because Defendant purposely collected and sold the names and personal information of individuals in this district and because Plaintiff's injury resulted from Defendant's purposefully directed activities in this district.

20.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Defendant is at home in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

### *Meredith Unlawfully Rents, Trades, And Discloses Its Customers' Names And Identities*

21.     Meredith maintains a vast digital database comprised of its customers' magazine subscription histories and preferences. Meredith discloses its magazine subscribers' names and identities to data aggregators and appenders, which then provide Meredith with supplemental information about each Meredith subscriber that they have separately collected.

22.     Meredith then packages this information into its Data Brokerage Products that are licensed to its Data Brokerage Clients.

23.     Meredith also discloses its Data Brokerage Products to data cooperatives, which in turn give Meredith access to their own subscription list databases.

CLASS ACTION COMPLAINT - 4

24.     Meredith does not seek its customers' prior consent, written or otherwise, for any of these disclosures, and its customers remain unaware that their identities are being rented and exchanged on the open market.

25.     Consumers can purchase subscriptions to any of Meredith's publications through the Internet, telephone, or mail.  Regardless of how the consumer subscribes, Meredith never requires the individual to read or agree to any terms of service or privacy policy, let alone one that would allow it to misappropriate their property rights with impunity.  Consequently, Meredith uniformly fails to obtain any form of consent from – or even provide effective notice to – its customers before misappropriating their identities.

## CLASS REPRESENTATION ALLEGATIONS

26.     Plaintiff Beach seeks to represent a class defined as all Washington residents whose names and/or identities were contained on or in any of Meredith's Data Brokerage Products (the "Class").

27.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the hundreds of thousands.  The precise number of class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

28.     Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to:

> (a) Whether Meredith uses class members' names and identities on or in its Data Brokerage Products;

CLASS ACTION COMPLAINT - 5

1        (b) Whether the conduct described herein constitutes a violation of RCW

2           63.60.010, *et. seq.*; and

3        (c) Whether Plaintiff and the Class are entitled to injunctive relief;

4     29.    The claims of the named Plaintiff are typical of the claims of the Class.

5     30.    Plaintiff is an adequate representative of the Class because her interests do not

6  conflict with the interests of the class members she seeks to represent, she has retained

7  competent counsel experienced in prosecuting class actions, and she intends to prosecute this

8  action vigorously.  The interests of class members will be fairly and adequately protected by

9  Plaintiff and her counsel.

10     31.    The class mechanism is superior to other available means for the fair and

11  efficient adjudication of the claims of the Class.  Each individual class member may lack the

12  resources to undergo the burden and expense of individual prosecution of the complex and

13  extensive litigation necessary to establish Defendant's liability.  Individualized litigation

14  increases the delay and expense to all parties and multiplies the burden on the judicial system

15  presented by the complex legal and factual issues of this case.  Individualized litigation also

16  presents a potential for inconsistent or contradictory judgments.  In contrast, the class action

17  device presents far fewer management difficulties and provides the benefits of single

18  adjudication, economy of scale, and comprehensive supervision by a single court on the issue

19  of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and

20  claimants are before this Court for consistent adjudication of the liability issues.  Defendant has

21  acted or refused to act on grounds that apply generally to the Class, so that final injunctive

22  relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

### COUNT I
**Violation of RCW 63.60.010, *et. seq.***

23

24     32.    Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged

25  above.

26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

33.     Plaintiff brings this claim individually and on behalf of the members of the Class.

34.     RCW 63.60.010, *et. seq.*, prohibits a corporation from using a person's name or likeness on or in its Data Brokerage Products without the consent of Plaintiff or the class members.

35.     As shown above, Defendant used Plaintiff's and the putative class members' names and likenesses on or in connection with Defendant's products, goods, merchandise, and/or services without the consent of Plaintiff or class members.

36.     Plaintiff is domiciled and suffered injury in Washington.

37.     As the subject of a commercial transaction, the aspects of Plaintiff's and the Class's personalities that Defendant uses on or in connection with its products, services, or other commercial activities have commercial value.

38.     Defendant has sold these aspects of Plaintiff's and the Class's personalities intentionally, willfully, and knowingly.

39.     Based upon Defendant's violation of RCW 63.60.010, *et. seq.*, Plaintiff and members of the Class are entitled to (1) an injunction requiring Defendant to cease using Plaintiff's and members of the Class's names and any aspects of their personalities on or in connection with its products, goods, merchandise, services, and/or commercial activities (2) statutory damages in the amount of $1,500 per violation to the members of the Class, and (3) an award of reasonable attorneys' fees, expenses, and costs under RCW 63.60.060.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  b.  For an order declaring the Defendant's conduct violates the statute referenced
2      herein;

3  c.  For an order finding in favor of Plaintiff and the Class on all counts asserted
4      herein;

5  d.  For compensatory, statutory, and punitive damages in amounts to be determined
6      by the Court and/or jury;

7  e.  For prejudgment interest on all amounts awarded;

8  f.  For an order of restitution and all other forms of equitable monetary relief;

9  g.  For all injunctive relief the court finds appropriate; and

10 h.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees
11     and expenses and costs of suit.

12 **<u>DEMAND FOR TRIAL BY JURY</u>**

13 Plaintiff demands a trial by jury of all issues so triable.

14

15 Dated this 5th day of November, 2021.          Respectfully submitted,

16                                                          **TOUSLEY BRAIN STEPHENS PLLC**

17                                                          By: */s/Kim D. Stephens*
18                                                          By: */s/Cecily C. Jordan*
19                                                          Kim D. Stephens, P.S., WSBA # 11984
                                                            Cecily C. Jordan, WSBA # 50061
20                                                          1200 Fifth Ave., Ste 1700
                                                            Seattle, WA 98101
21                                                          206 682-5600
22                                                          kstephens@tousley.com
                                                            cjordan@tousley.com
23
24
25
26

CLASS ACTION COMPLAINT - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Philip L. Fraietta*
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
pfraietta@bursor.com


Ari J. Scharg*
Benjamin Thomassen*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
ascharg@edelson.com
bthomassen@edelson.com

*Pro hac vice application forthcoming

*Attorneys for Plaintiff*

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992